

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRAIG GARRISON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-338** |
| **JEFFERSON PARISH SHERIFF'S OFFICE ET AL.** | **SECTION "K" (2)** |

## ORDER AND REASONS

This is a civil rights action for damages pursuant to Section 1983 in which plaintiff alleges, among other things, that defendants subjected him to excessive force during his arrest. Plaintiff's motion to compel, Record Doc. No. 57, was previously deferred in part so that I might conduct an in camera review of documents responsive to plaintiff's Requests for Production Nos. 4 and 5. The relevant portions of these requests sought production of materials concerning complaints and disposition of complaints of excessive force against any of the named individual defendants in this Section 1983 action.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Defense counsel complied with my previous order, Record Doc. No. 60, and submitted materials to my office for in camera review (see cover letter attached hereto for filing in the record). Specifically, defense counsel produced four separate files reflecting Jefferson Parish Sheriff's Office Internal Management Bureau investigations of four complaints of excessive force made against defendant Matthew Woodruff, together with a letter (copy attached for filing in the record) stating that no excessive force complaints have been filed against any other named defendant. The files are separately numbered 20050106, 20050109, 20050313 and 20041217.

Having reviewed the materials in camera and considering the record and the applicable law, **IT IS ORDERED** that plaintiff's motion is GRANTED IN PART AND DENIED IN PART as to Requests for Production No. 4 and 5 as follows:

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added). Discovery of police investigative files is subject to a qualified privilege recognized both in federal common law and under Louisiana state law. Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991). "To determine whether this qualified privilege bars discovery of given documents, the trial court should consider the ten factors articulated in Frankenhauser v. Rizzo in balancing the government's interest in confidentiality against the litigant's need for the documents." Id. at 1160.

In <u>Frankenhauser</u>, 59 F.R.D. 339, 344 (E.D. Pa. 1973), the court identified those ten factors as: "(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case."

Weighing these factors in the instant case, I find that the motion should be GRANTED IN PART in that production of only some of the materials contained in Files No. 20050313, 20050109, and 20050106 is merited. Defendants may remove and/or redact from those files before production the particular references and contents noted herein. These three files all relate to complaints of excessive force during arrests made

during the same general time period and generally similar to the complaint made by plaintiff in the instant case. The result of the internal investigations of the Jefferson Parish Sheriff's Office ("JPSO") in each of these three matters was that the complaint was "not sustained," which, according to JPSO disposition letters contained in each file, "means that the investigation and reviews have determined that the facts available are insufficient to either prove or disprove the allegations of a violation of this department's Code of Conduct." See, e.g., File No. 20050109, Letter of Maj. William Boudreaux, Commander, Internal Affairs Division, to Deputy Matthew Woodruff dated 2/28/05.

Weighing the Coughlin/Frankenhauser factors as to these three files, I find that disclosure of some, but not all, of the contents of these inconclusive investigations will not discourage citizen complaints, and the impact on persons providing information should be minimal, especially in light of the disclosure restrictions contained herein. The Jefferson Parish Sheriff's own written policy statement, which appears in these files, provides that "[a]ny member of this department who refuses to cooperate with the Internal Affairs Division will leave his commission with the IAD secretary and it will be treated as a resignation" and that no information provided in statements to IAD will be admissible against any sheriff's employee in any criminal proceedings. Thus, it appears unlikely that disclosure of parts of these files identified in this order would chill governmental self-evaluation in the face of the Sheriff's clear policy favoring self-

evaluation. While some of the information contained in these files is evaluative, most is factual data. The person seeking the discovery (plaintiff) has already been convicted and is incarcerated and both the police investigation and the intradepartment disciplinary investigation concerning the subject incident have been concluded. It appears from the files that investigations concerning the incidents from which the other complaints arise have also been concluded. Thus, disclosure of these materials should have no effect on ongoing investigations. Plaintiff's suit has already been found to be non-frivolous, Record Doc. No. 27, and will shortly be set for trial, Record Doc. No. 61. Plaintiff's pro se, incarcerated status makes availability of this information through other discovery unlikely. The information may be important to plaintiff's case under Fed. R. Evid. 404(b) and/or 406, particularly if disclosure is limited to complaints, statements and descriptions of activities of defendant Woodruff, and <u>not</u> others.

In balancing the <u>Coughlin/Frankenhauser</u> factors, I find that production of <u>only</u> the following kinds of documents from Files No. 20050313, 20050109, and 20050106 must be made:

(1) the disposition letters concerning these three complaints as to Deputy Woodruff;

(2) the Internal Affairs Division ("IAD") "Case Report" from each of these three files;

(3) any JPSO "Citizen/Police Complaint Form" concerning Woodruff from these three files;

(4) statements of complainants of excessive force against Woodruff;

(5) statements or reports by Woodruff;

(6) arrest reports, incident reports, probable cause affidavits and/or other narrative reports concerning the incidents from which these three complaints arise; and

(7) JPSO IAD "Inquiry Forms" concerning these three incidents.

Balancing the Coughlin/Frankenhauser factors leads me to conclude that no other materials from these files should be produced, including criminal history reports or "suspect rap sheets" of complainants or other witnesses describing or listing arrests other than those arising from the incidents themselves; JPSO interoffice IAD memoranda, "administrative interview warning" forms or E-mail; interview forms or statements of witnesses other than complainants or officers other than Woodruff; photographs of any kind; medical records of any person; or "field officer daily activity reports" or Taser reports concerning any officer other than Woodruff. I find that not requiring production of the materials identified in this paragraph, as opposed to those identified in the previous paragraph, best balances the interests and concerns listed in Coughlin/Frankenhauser.

In addition, before producing any portion of these files to plaintiff, **IT IS ORDERED** that defense counsel may redact and/or remove the following references

and/or kinds of information, whose minimal relevance is far outweighed by the confidentiality factors noted in Coughlin/Frankenhauser:

(1) All statements or references to and/or descriptions of activities of officers and/or sheriff's deputies other than Woodruff or any other named individual defendant in the captioned case.

(2) All personal information concerning Woodruff, including but not limited to his payroll number, home address, home phone number, date of birth or other personal information of any kind.

(3) Social security numbers, dates of birth, home addresses or telephone numbers, or personal identification of any kind as to any person identified in these files.

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 26(c) that all materials produced pursuant to this protective order must be marked "Confidential" by defense counsel and kept confidential by plaintiff, who may not show them to any other person and who may use them only in connection with this lawsuit and for no other purpose. Because of the nature of these documents and because plaintiff is incarcerated, plaintiff may review these materials only in the presence of defense counsel or his designee and may not keep copies. Within sixty (60) days of entry of this order, defense counsel must arrange for a meeting with plaintiff at which plaintiff will be permitted to review these documents. On that same date, a copy of the documents made available to plaintiff must

be delivered to my chambers, so that I may have them filed in the record under seal for further use in this lawsuit, if appropriate.

As to all other materials included in the in camera documents and to whatever extent, if any, that plaintiff's Requests for Production No. 4 and 5 might seek a broader range of materials, including misconduct complaints against "all unknown officers," the motion is DENIED. In addition to those materials excluded from the three files discussed above, <u>none</u> of the materials in File No. 20041217 need be produced. As to this particular complaint, the considerations and findings set out above concerning the first three files do <u>not</u> apply to the fourth file, No. 20041217. While the fourth file concerns an excessive force complaint against defendant Woodruff, "[a] disposition of 'exonerated' has been recorded for this complaint. This means that the investigation and reviews have determined that the facts <u>do</u> <u>not</u> reflect a violation of this department's Code of Conduct." File No. 20041217, Letter of Maj. William Boudreaux, Commander, Internal Affairs Division, to Deputy Matthew Woodruff dated 2/04/05.

My review of this thorough investigative file compels me to conclude that this complaint against Woodruff was wholly baseless. Thus, while evaluation of some of the <u>Coughlin/Frankenhauser</u> factors as to this fourth file remains the same as for the other three discussed above, this fourth file has <u>no</u> importance whatsoever to plaintiff's case and <u>no</u> basis whatsoever for intradepartmental disciplinary proceedings could arise from

this file, two factors which weigh overwhelmingly against requiring production of any part of this file. In addition, I find that requiring production of <u>every</u> investigative file in which an officer was <u>exonerated</u> and the complaint found baseless would unduly thwart governmental processes and chill governmental self-evaluation to such an extent that production should <u>not</u> be required under the <u>Coughlin/Frankenhauser</u> factors. For the foregoing reasons, the motion is DENIED as to File No. 20041217, and <u>no</u> portion of this file need be produced to plaintiff.

Houma, Louisiana, this ____19th____ day of October, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

- 9 -

## MARTINY & ASSOCIATES, LLC

ATTORNEYS & COUNSELLORS AT LAW

131 AIRLINE DRIVE • SUITE 201 • METAIRIE, LOUISIANA 70001

(504) 834-7676 • FAX (504) 834-5409

dmartiny@bellsouth.net

DANIEL R. MARTINY
FRANZ L. ZIBILICH

BRAD G. THEARD
KURT P. FORSHAG
OF COUNSEL

NOTARIES PUBLIC

August 15, 2005

Honorable Joseph C. Wilkinson, Jr.
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B409
New Orleans, Louisiana 70130

Re:   Craig Garrison vs. JPSO, et al
      USDC Civil Action No. 05-0338 "K"(2)

Dear Magistrate Wilkinson:

In accordance with the Order issued in this matter on July 27, 2005, I am delivering herewith four Internal Affairs investigations involving Deputy Matthew Woodruff for an *in camera* inspection.

As to the other named deputy defendants, I am advised that there are no excessive force complaints against those individuals.

Should you or your staff have any questions, or should you need any further information, please do not hesitate to contact the undersigned.

Thanking you for your attention in this matter, I remain

Yours very truly,

DANIEL R. MARTINY

DRM/ba
Enclosures
cc:   Mr. Craig Garrison